IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEANA LYNN H.,[1]

    Plaintiff,

v.

Commissioner, Social Security
Administration,

    Defendant.

6:18-cv-00462-BR

OPINION AND ORDER

**MERRILL SCHNEIDER**
Schneider Kerr & Robichaux
P.O. Box 14490
Portland, OR 97293
(503) 255-9092

    Attorneys for Plaintiff

---

[1] In the interest of privacy and pursuant to the recommendation of the Judicial Conference of the United States, this Opinion and Order uses only the first name and the initial of the last name of the nongovernmental parties.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**JOSEPH JOHN LANGKAMER**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2212

      Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Deana Lynn H. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

Plaintiff filed an application for SSI on August 25, 2014,

and alleged a disability onset date of January 1, 2011.  Tr. 177.[2] Her application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on October 20, 2016.  Tr. 49-70.  Plaintiff and a vocational expert (VE) testified at the hearing, and Plaintiff was represented by an attorney.

On December 16, 2016, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 10-24.  On January 24, 2018, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-6.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on November 10, 1958, and was 57 years old at the time of the hearing.  Tr. 177.  Plaintiff has a tenth-grade education.  Tr. 56.  Plaintiff has past relevant work experience as a bindery worker, packager, bean sorter, and pricer.  Tr. 20.

Plaintiff alleges disability due to anxiety and "memory problems."  Tr. 89.

Except when noted, Plaintiff does not challenge the ALJ's

---

[2] Citations to the official transcript of record filed by the Commissioner on October 19, 2018, are referred to as "Tr."

3 - OPINION AND ORDER

summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 18-20.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459–60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012).  Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Molina*, 674 F.3d. at 1110-11

(quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially

dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(c). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's Residual Functional Capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. § 416.945(a). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a

week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged

in substantial gainful activity since her August 25, 2014, application date. Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of borderline intellectual functioning and anxiety. Tr. 15.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1. The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels, but Plaintiff is limited to "simple, routine work involving simple instructions and communicating simple information"; occasional contact with coworkers "but with no teamwork or tandem tasks"; "brief and superficial contact with the general public"; and no exposure to hazards. Tr. 17.

At Step Four the ALJ found Plaintiff is unable to perform her past relevant work. Tr. 20.

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy. Tr. 21. Accordingly, the ALJ found Plaintiff is not disabled.

## **DISCUSSION**

Plaintiff contends the ALJ erred when she (1) improperly partially rejected Plaintiff's Adult Function Report and hearing testimony and (2) improperly partially rejected the opinion of

examining psychologist Manuel Gomes, Ph.D.

I. **The ALJ did not err when she partially rejected Plaintiff's September 10, 2014, Adult Function Report and her testimony at the October 20, 2016, hearing.**

Plaintiff alleges the ALJ erred by failing to provide clear and convincing reasons for partially rejecting Plaintiff's statements in her September 10, 2014, Adult Function Report and her testimony at the October 20, 2016, hearing.

In *Cotton v. Bowen* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  799 F.2d 1403 (9th Cir. 1986).  *See also Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014)(same).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if she provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what

testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

In her September 10, 2014, Adult Function Report Plaintiff stated her condition limits her ability to work because she cannot "focus on things the same way [she] used to."  Tr. 200.  Plaintiff noted her condition affects her sleep because some nights she is "too nervous thinking too much.  I can't relax.  Two [*sic*] much crap in my mind."  Tr. 201.  Plaintiff stated she has problems getting along with her family because "there is no compassion."  Tr. 205.  Plaintiff stated she is "not good" with stress, but she handles changes in routines "ok."  Tr. 206.  Plaintiff noted her daily routine is to wake up; to take a shower; to watch television for an hour; to go to the library, shopping, or the park; and to "walk a lot."  Tr. 201.  Plaintiff does laundry, cleans the house, does the dishes, goes food shopping three times a week for an hour, writes poems, and visits other people at their houses once a month.  Plaintiff stated she can walk for 15 blocks without resting and can pay attention for 15 minutes.

Plaintiff testified at the hearing that she had worked for three weeks as a packager in 2015, but she left that job because she "couldn't do it anymore."  Tr. 57.  Plaintiff noted she is looking for other jobs but has not found one yet.  Plaintiff stated before the packaging job she had last worked in 2008 and

she had such a large gap in employment because she "just wasn't
looking" for work from 2008 to 2015.  Plaintiff gets to the
grocery store by taking the bus or MAX.  Plaintiff makes her own
food, does her laundry, cleans her house, walks "a lot," and goes
to the library to use the computer to look for jobs and
"everything."  Tr. 61.  Plaintiff noted she does not have friends
or family that she spends time with and she sees her daughter
"every maybe couple of years."  Tr. 61.  Plaintiff "feels
anxiety" once or twice a month.  At those times she "just feel[s]
really nervous [and] do[esn't] want to be around people."
Tr. 62.  Plaintiff does not "trust people that [she] do[esn't]
know [because] . . . any time that [she] feel[s] [she] get[s]
close to somebody they do something or they put [her] down or,
you know.  One day they like [her], the next day they don't like
[her]."  Tr. 63.  Plaintiff stated she does not think she can
work because "emotionally [she] do[esn't] think [she] could
handle it.  It's like [she's] in a box . . . [she] just want[s]
to get out of there.  It's just how feel [*sic*] lost in words."
Tr. 66.  Plaintiff sees a counselor once every two weeks for her
"anxiety issues," but she is not taking medication to treat her
anxiety because she does not like it and "just [doesn't] think
[she] need[s] it."  Tr. 62.

    The ALJ found Plaintiff's "medically determinable
impairments could reasonably be expected to cause the alleged

symptoms," but Plaintiff's statements and testimony "concerning the intensity, persistence and limiting effects of [her] symptoms are not entirely consistent with the medical evidence and other evidence in the record." Tr. 19. The ALJ found Plaintiff's activities of daily living, work history, and medical record do not support Plaintiff's alleged degree of limitations. Specifically, the ALJ noted Plaintiff goes to the library, shops, takes public transportation, and visits with others. These activities of daily living undermine Plaintiff's assertion that she is too anxious around people to work. The ALJ also noted Plaintiff only worked sporadically before her alleged onset date, "which raises a question as to whether [Plaintiff']s continuing unemployment is actually due to medical impairments." Tr. 19. The ALJ also pointed out that the record reflects Plaintiff has received minimal mental-health treatment and does not take medication for her anxiety. *See Lapuzz v. Berryhill*, 740 F. App'x 596, 597 (9th Cir. 2018)(An "ALJ may properly discredit claimant testimony based on minimal, conservative treatment.").

In addition, Dr. Gomes, examining psychologist, found Plaintiff is only mildly impaired in her ability to perform simple and repetitive tasks, to "maintain regular workplace attendance," and to "complete a normal workday/workweek without interruption from a psychiatric condition." Tr. 259. Dr. Gomes found Plaintiff is moderately impaired in her ability to "accept

12 - OPINION AND ORDER

instruction with supervision," to interact with coworkers and the general public, to "perform work activities on a consistent basis without special or additional instruction, and to "perform detailed and complex tasks."  Tr. 259.  Thus, the ALJ found Dr. Gomes's opinion contradicts Plaintiff's alleged limitations.

The Court concludes on this record that the ALJ did not err when she partially rejected Plaintiff's testimony because she provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**II. The ALJ did not err when she impliedly partially rejected the opinion of Dr. Gomes, examining psychologist.**

Plaintiff asserts the ALJ erred when she impliedly partially rejected the opinion of Dr. Gomes, examining psychologist.

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record."  *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002).  When the medical opinion of an examining physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it.  *Thomas*, 278 F.3d at 957.  *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).

On October 24, 2014, Dr. Gomes conducted a psychodiagnostic evaluation of Plaintiff.  Plaintiff told Dr. Gomes she cannot

13 - OPINION AND ORDER

work anymore due to "the stress working creates." Tr. 253.
Plaintiff stated: "I don't feel like I can work, like the wor[k]
I used to do. Too much stress." Tr. 258. Plaintiff noted she
last worked in 2008 and she stopped working "because she was
tired of people controlling her such as dominant people which she
has always had in [her] life." Tr. 254. Plaintiff reported she
makes her own food, does her laundry, cleans her house, walks "a
lot," and goes to the library. Plaintiff noted she "has a best
friend that she has known for five years; however, they are not
too close because" Plaintiff does not trust people and "cannot
get too close." Tr. 255. Dr. Gomes collected information from
Plaintiff via a Personal Health Questionnaire in which Plaintiff
endorsed a "very low level[]" of depression and "severe/moderate"
somatic complaints, panic symptoms, and general anxiety symptoms.
Tr. 257. Plaintiff's World Health Organization Disability
Assessment Schedule II self-rated disability impairment score
reflected "mild reported levels of disability impairment."
Tr. 257. Dr. Gomes completed a Functional Assessment/Medical
Source Statement in which he found Plaintiff is mildly impaired
in her ability to perform simple and repetitive tasks, to
"maintain regular workplace attendance," and to "complete a
normal workday/workweek without interruption from a psychiatric
condition." Tr. 259. He also found Plaintiff is moderately
limited in her ability to "accept instruction with supervision,"

to interact with coworkers and the general public, to "perform
work activities on a consistent basis without special or
additional instruction, and to "perform detailed and complex
tasks." Tr. 259. Finally, Dr. Gomes found Plaintiff is markedly
limited in her ability "to deal with the usual workplace
stressors encountered in the workplace," but he did not identify
these stressors.

    The ALJ gave Dr. Gomes's opinion "great weight" and
incorporated the limitations on Plaintiff's abilities in her
evaluation of Plaintiff's RFC by limiting Plaintiff to "simple,
routine work involving simple instructions and communicating
simple information"; occasional contact with coworkers "but with
no teamwork or tandem tasks"; "brief and superficial contact with
the general public." Tr. 17. Nevertheless, Plaintiff contends
the ALJ erred when she impliedly rejected Dr. Gomes's finding
that Plaintiff was markedly limited in her ability "to deal with
the usual workplace stressors encountered in the workplace."
Plaintiff, however, does not identify those workplace stressors
that the ALJ allegedly failed to accommodate. As noted,
Dr. Gomes found Plaintiff is only mildly or moderately limited in
her ability to perform simple and repetitive tasks, to "maintain
regular workplace attendance," to "complete a normal
workday/workweek without interruption from a psychiatric
condition," to "accept instruction with supervision," to interact

with coworkers and the general public, and to "perform work activities on a consistent basis without special or additional instruction." Neither Dr. Gomes nor Plaintiff identify any other workplace stressors that markedly limit Plaintiff's ability to work.

In addition, Plaintiff's mental-health treatment record is sparse, but the records from counseling sessions she attended from March to November 2015 indicate Plaintiff's anxiety mainly stems from her relationship with her daughter and the fact that her daughter was getting out of prison, from her desire to enter into friendships while being "afraid to put [her]self out there," and from her poor relationships with men in the past.

Finally, the record reflects Plaintiff does not take medication to treat her anxiety because she does not like to take medication and she "just [doesn't] think [she] need[s] it." Tr. 62.

To the extent that the ALJ partially rejected Dr. Gomes's opinion, the Court concludes on this record that the ALJ did not err because she provided legally sufficient reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the

Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 3rd day of April, 2019.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge